IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| PAUL J. CONNALL, #00418224 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv321 |
| WARDEN MTC-ISF, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Paul J. Connall, a parolee currently confined in the East Texas Treatment Facility, a.k.a., the East Texas Intermediate Sanctions Facility (ISF),[1] in Henderson, Texas, proceeding *pro se* and seeking to proceed *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging purported violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Plaintiff's Complaint**

Connall initially filed his lawsuit in the Western District of Texas–Austin Division. The Western District transferred Connall's original complaint to the Eastern District of Texas on June 29, 2023. (Dkt. #5).

In his complaint, dated June 7, 2023, Connall asserts that the Parole Department is imposing conditions on his parole—such as an ankle monitor and SISP conditions—which did not exist at the time he was sentenced in 1985. He states that he is only being fed two meals per day

---

[1] An Intermediate Sanctions Facility is a facility that provides treatment to parolees who are in violation of their parole requirements, *e.g*., failing required drug testing,—in lieu of the parolee being returned to the Correctional Institutions Division of the Texas Department of Criminal Justice to complete the remainder of their sentence(s).

on Saturdays and Sundays at the ISF, instead of three meals. He claims that his good time and flat time are being miscalculated and that he should be immediately released. He states that he had a stroke on January 8, 2023, and that he uses a walker because of his bad knees. He claims that he cannot get his prescription for Lisinopril[2] and lithium, and that he cannot go see a doctor. He states without explanation or facts, that there are violations of his civil rights and constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments. Connall's complaint is sparse on details and facts. He seeks $10 million dollars for the violation of his rights.

**II. Discussion**

Connall is no stranger to the federal courts throughout Texas. Court records show that Connall has filed at least three previous lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief can be granted—prior to filing this lawsuit. *See Connall v. Hull,* No. 95-10324 (5th Cir. Oct. 30, 1995) (unpublished) (affirming district court's dismissal, as frivolous of Connall's 42 U.S.C. § 1983 complaint); *Connall v. Armstrong, et al.*, Civil Action No. 6:03-cv-66 (W.D. Tex. May 15, 2003) (dismissing complaint as frivolous); *Connall v. Armstrong, et al.*, No. 03-50626 (5th Cir. Dec. 2, 2003) (unpublished) (dismissing appeal as frivolous under 28 U.S.C. § 1915(g)); *Connall v. Dretke,* Civil Action No. 6:05-cv-318 (W.D. Tex. Aug. 30, 2005) (dismissing complaint with prejudice pursuant to 28 U.S.C. 1915(g) and instructing that Connall must obtain prior written consent before filing any further habeas corpus or civil action in the Western District of Texas); and *Connall v. Franklin*, Civil Action No. 1:22cv1381 (W.D. Tex. Feb. 27, 2023) (dismissed as frivolous, no appeal taken).

---

[2] Lisinopril is an ACE inhibitor used to treat high blood pressure and heart failure. https://www.webmd.com/drugs/2/drug-6873-9371/lisinopril-oral/lisinopril-oral/details, last visited June 30, 2023. Lisinopril was recalled from the market in March 2022 because it contained elevated levels of a potential cancer-causing impurity. https://www.npr.org/2022/03/22/1088075045/pfizer-blood-pressure-recall-carcinogen#:~:text=Pfizer%20Inc.%20is%20recalling%20a,a%20potential%20cancer%2Dcausing%20impurity, last visited June 30, 2023.

Title 28 U.S.C. § 1915(g), added by Act of Congress on April 26, 1996, as part of the Prison Litigation Reform Act, provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

As set forth above, Connall has accumulated three strikes prior to filing this June 7, 2023 lawsuit and, thus, falls under the Act. Consequently, he cannot proceed under the *in forma pauperis* statute unless he shows that he was in imminent danger of serious physical injury as of the date of the filing of the lawsuit. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). Connall does not assert that the imminent-danger exception applies to his claims. (*see* Dkt. #1).

The Fifth Circuit holds that a plaintiff must show "imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP." *Banos*, 144 F.3d at 884; accord *Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998). The threat of harm must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citations omitted). Conclusory allegations are insufficient to carry that burden. *Smith v. Blount*, 258 F. App'x 630, 630 (5th Cir. 2007) (unpublished). Established Fifth Circuit precedent requires that civil rights claimants must state specific facts, not conclusory allegations. *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986); *see also Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996).

Moreover, allegations of past harm do not suffice. Instead, the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed—and the exception refers to "a genuine emergency" in which "time is pressing." *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (5th Cir. 2001) ("Someone

3

whose danger has passed cannot be reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis*….").

Here, Connall fails to show that he was in imminent danger of serious physical injury at the time he filed this lawsuit on June 7, 2023. Connall contends that he had a stroke in January 2023; however, he does not allege any physical or medical disabilities associated with a stroke that place him in imminent danger now. He has not shown that he faces an **imminent** threat of serious physical injury for which time is pressing.

Because Connall has accumulated at least three-strikes prior to the filing of this lawsuit and has not demonstrated that he faces an imminent threat of serious physical injury, this lawsuit should be dismissed pursuant to 28 U.S.C. § 1915(g). Connall, however, should be allowed a reasonable period of time in which to pay the full filing fee and proceed with his lawsuit should he chose to do so. Connall should note, though, that the payment of the filing fee will not affect an analysis for frivolousness under 28 U.S.C. § 1915A.

## RECOMMENDATION

Accordingly, because Connall already has three strikes for the purposes of section 1915(g), it is recommended that his lawsuit be dismissed, with prejudice, for purposes of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). It is also recommended that if Connall pays the full filing fee of $402.00 within fifteen (15) days of the date of the order of dismissal, the lawsuit will proceed as though the full filing fee had been paid from the outset.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 5th day of July, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE